# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CRYSTAL RICHARDS, et al.,** <br> **Plaintiffs** <br> v. <br> **KAWEAH DELTA HEALTHCARE DISTRICT, et al.,** <br> **Defendants** | **CASE NO. 1:20-CV-009 AWI EPG** <br><br> **ORDER ON STIPULATION, ORDER VACATING HEARING, AND ORDER REMANDING MATTER** <br><br> (Doc. Nos. 6, 11) |

Currently pending before the Court, and set for hearing on February 24, 2020, is Defendant the United States' motion to dismiss. See Doc. No. 6. However, on February 14, 2020, the parties filed the following stipulation:

Plaintiffs, by and through their attorney of record, and the United States, by and through its attorneys of record, hereby stipulate to dismissal of Plaintiffs' claims against the United States without prejudice and to remand Plaintiffs' claims against Kaweah Delta Healthcare District back to state court, based on the following:

(1) Plaintiffs filed a Complaint in Tulare County Superior Court on October 4, 2019, alleging that Kaweah Delta Healthcare District, Family Healthcare Network, and Dr. Elizabeth Enderton committed medical malpractice. Docket No. 1.

(2) Family Healthcare Network receives federal funding and both Family Healthcare Network and Dr. Enderton are deemed to be employees of the Public Health Service within the United States Department of Health and Human Services. *See* Federally

| | |
|---|---|
| 1 | Supported Health Centers Assistance Act, 42 U.S.C. § 233. |
| 2 | (3) Because Family Healthcare Network is deemed to be a federal employee, tort actions against the clinic and its employees acting within the scope of their employment arising from medical or related functions must be brought against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § § 1346(b). 2671-80. *See* 42 U.S.C. § 233(a). |
| 7 | (4) On January 2, 2020, the United States Attorney removed Plaintiffs' lawsuit to this Court pursuant to 42 U.S.C. § 233(c) and filed a certification that Family Healthcare Network and Dr. Enderton were acting within the scope of their employment at the time of the events giving rise to the action. *See id*. |
| 11 | (5) Thereafter, the United States was substituted as the federal defendant in place of Family Healthcare Network and Dr. Enderton by operation of law. *Id.* |
| 13 | (6) "A federal court's jurisdiction to hear damage actions against the United States is limited by section 2675(a) of the FTCA." *Shipek v. United States*, 752 F.2d 1352, 1353 (9th Cir. 1985); *accord Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000). |
| 16 | (7) Section 2675(a) requires, as a prerequisite to suing the United States, that a plaintiff must first present his or her claim to the appropriate federal agency. *Shipek*, 752 F.2d at 1353. The plaintiff must then receive a denial of the claim or await the passage of six months before filing suit. *Id*. "The plaintiff is permitted to sue the United States only after the claim is denied or six months have elapsed without final disposition by the agency." *Warren v. United States Dep't of Interior*, 724 F.2d 776, 778 (9th Cir. 1984) (en banc); *see also See Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992) ("Section 2675(a) establishes explicit prerequisites to the filing of suit against the Government in district court. It admits of no exceptions."); *McNeil v. United States*, 508 U.S. 106, 112-13 (1993) (stating that exhaustion of administrative remedies during the pendency of an action does not cure the failure to exhaust prior to filing the action). |
| 27 | (8) Plaintiffs filed an administrative tort claim with the United States Department of Health and Human Services on October 8, 2019. However, plaintiffs did not receive a |

decision from the agency on their administrative tort claim, or wait six months without a final disposition by the agency, prior to filing their Complaint.

Accordingly, Plaintiffs and the United States agree that the claims against the United States must be dismissed without prejudice and that the matter (Plaintiffs' claims against Kaweah Delta Healthcare District) may be remanded to state court.

Dated: February 13, 2020 Respectfully submitted,

McGREGOR W. SCOTT

United States Attorney

By: /s/ *Edward A. Olsen*

EDWARD A. OLSEN

Assistant United States Attorney

Attorneys for the United States of America

Dated: February 13, 2020 */s/ Daniel R. Baradat*

DANIEL R. BARADAT

BARADAT & PABOOJIAN, INC.

Attorney for Plaintiffs

After consideration, and the absence of an opposition from Defendant Kaweah Delta Healthcare District, the Court will give effect to the stipulation.

**ORDER**

Accordingly, IT IS HEARBY ORDERED that:

1. The February 24, 2020 hearing date on the United States' motion to dismiss is VACATED;

3

2. The United States' motion to dismiss (Doc. No. 6) is DENIED as moot due to the February 14, 2020, stipulation;
3. The United States is DISMISSED without prejudice, as discussed in the February 14, 2020 stipulation;
4. The matter is REMANDED forthwith to the Tulare County Superior Court; and
5. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated: February 20, 2020

_____
SENIOR DISTRICT JUDGE

4